GEORGE W. MILLAR *et al.*, Respondents, *against* MAURICE FITZGIBBONS, Appellant.

(Decided February 7th, 1881.)

Contracts for the delivery of goods to be manufactured are contracts for the sale of goods, wares and merchandise, within the statute of frauds, unless the goods are to be manufactured by the vendors themselves. And in an action by the purchasers upon such a contract which on its face appears to be within the statute, the burden is upon the plaintiffs to show the facts relied on to take the contract out of the statute.

APPEAL from a judgment of the district court in the city of New York for the third judicial district.

In April, 1880, the plaintiffs in this action at their store gave to a salesman of the defendant, who was a commission merchant, an order in the following language:

"NEW YORK, 4 | 8, 1880.

"Messrs. Fitzgibbons, Messer & Co., please furnish us 1,000 reams 36x40—40 lbs. to ream *a* $290 per 100 lbs. less 5% to be delivered in the month of April.

"Yours, &c.,

"GEORGE W. MILLAR & Co."

There was no written acceptance of the order by the defendant and no money paid by the plaintiffs on account thereof. The paper referred to in the order not having been delivered the plaintiffs commenced an action for damages in the district court for the third judicial district.

The defendants set up in answer, among other things, the statute of frauds. Upon the trial judgment was rendered for the plaintiffs, and from this judgment the defendant appealed to this court.

*De Witt C. Brown*, for appellant.

*C. E. Coddington*, for respondents.

Millar *v.* Fitzgibbons. ·

Van Brunt, J.—[After stating the facts as above.]—Upon the face of the order in question it would appear to be a contract of sale, and, as a consequence, within the statute of frauds. The plaintiffs, in order to avoid this conclusion, have endeavored to show that it was in the contemplation of the parties that the goods should be manufactured in order to fill the order, and that thus it was a contract for work, labor and services within the decisions upon the statute of frauds, and not a contract of sale of goods, wares and merchandise. It is admitted upon the part of the appellants that if any order of this kind is given to a manufacturer to manufacture the articles mentioned in an order, that it is not within the statute of frauds; but it is claimed by them that where a vendor is not a manufacturer then such a contract is within the statute of frauds.

I have been unable to find in the decisions of this state any case bearing directly upon this point, but an examination of the authorities leads me to the conclusion that the distinction is undoubtedly well taken. All the cases which had appeared in this state, and in England, Connecticut and Massachusetts at the time of the decision of the case of *The Passaic Manufacturing Company* v. *Hoffman* (3 Daly, 495), were collected and reviewed by the learned chief justice of this court, who wrote the opinion in that case, and an examination of those cases shows that the distinction is recognized in the principle upon which it is held that contracts to manufacture are not within the statute of frauds, because it is, as those cases say, a contract for the labor, skill, care or knowledge of the manufacturer who contracts to manufacture the article: in other words, the contract is for work, labor and services as well as for materials furnished, and as a consequence is not a contract for the sale of goods, wares and merchandise. And if no price were fixed for the articles when delivered, an action for work, labor and services and materials furnished would undoubtedly lie.

In view of the exhaustive review contained in that case of the authorities upon this subject, it is not necessary that I should restate them here. It follows, therefore, that unless the defendants in this case were to manufacture the goods in ques-

tion, the contract under consideration was within the statute of frauds.

The plaintiffs in this case claim that they did not know but that the defendants were to manufacture the goods. If the contract is affirmatively within the statute of frauds, as it clearly is upon its face, then it was the duty of the plaintiffs to show those facts by which they desired to take it out of that statute, or in other words they were bound to show that the defendants were to manufacture these goods.

There being no proof of that description in the case the statute must necessarily be applied to the contract.

The judgment must be reversed.

CHARLES P. DALY, Ch. J., and BEACH, J., concurred.

Judgment reversed, with costs.