Nehrbas, J.
—The transaction proved by the plaintiff was not a contract to perform work and labor, but for the sale of certain goods, which the defendant subsequently re-' fused to receive. The price was more than fifty dollars, and no part of the purchase money was paid, nor any por *669 tian of the goods ever accepted by the defendant. The •contract was not in writing, and is void under the statute of frauds.
The plaintiff testifies; “I know the defendant and was first introduced to Mm at the time I took this order; I had a conversation with him; I had two sample lots; the defendant looked at them, asked me the price, and he ordered a case of each of them; I told him the price was $7.50 a dozen,” Again; “He ordered a case of each sample at $7.50 a dozen; I told him, after he ordered them, these are new samples, hand-made, it would take some little time to fiH the order; he said all right, to send them along as quick as I could,” On cross-examination he said; “The transaction was for the sale of two cases of hats.” “Q. The defendant said nothing in reference to your manufacturing those hats, did he?” A. I don’t know that he did.” 'x' * * “I had never personally sold him any goods before.” And; *6 He (defendant) gave me an order, and I told him the amount per dozen that these goods would cost; there was nothing said about labor. There was nothing said about where they were to be manufactured; I did not state where I had my manufacturing concern; he did not go into any discussion as to where or how these goods were to be manufactured; I showed him this sample and he liked the goods, and ordered a certain given number of dozen, and nothing was said about the dies.” “He said, 61 wrill take a case of each of those goods,’ and I said I could not deliver them for some little time, and he directed me how to ship them, to ship them to Mr. Nichols.”
It thus appears that up to the time of giving tMs order plaintiff was a perfect stranger to the defendant, who was unaware of the fact that plaintiff was a manufacturer of hats. On being shown the two samples, he gave an order for two cases of hats similar to the samples exhibited, at a fixed prize per dozen.
When informed that the order could not be filled for some time, he told plaintiff to send them as quickly as he could, giving proper shipping directions. No part of the goods were delivered or paid for when the order was given, and when they were finally sent they were refused by the defendant.
These facts bring the case within the decision of Joy v. Schloss (12 Daly, 533, reaffirming the doctrine of Millar v. Fitzgibbons, 9 Daly, 505),in which it is held that unless it affirmatively appears that the plaintiff was required by the contract to manufacture the goods himself, the transaction must be considered a sale by sample. It is undisputed that the defendant was ignorant of the fact that the plaintiff manufactured any goods of the kind ordered, and if they *670 were not in existence at the date of the order, it was immaterial to the defendant by whom they were to be made, so long as they corresponded with the sample.
Where a contract is for an article coming under the general denomination of goods, wares and merchandise, and it is made with one who manufactures and sells that kind of commodity to those who traffic in it, the quantity required and the price being agreed upon, it is a contract of sale within the meaning of the statute of frauds, and it is unimportant whether the manufacturer and vendor has, when the order for the article is given, the requisite quantity on hand, or has to manufacture it afterwards. Passaic Manufacturing Co. v. Hoffman, 3 Daly, 495, 504, and cases cited.
Straw hats certainly come under this denomination, and require no special skill in their manufacture.
We are, therefore, of opinion that the complaint should have been dismissed, and the refusal to grant the defendant’s motion in that regard was error. Hence it will be unnecessary to discuss the other questions raised.
For these reasons the judgment and order appealed from must severally be reversed and a new trial ordered, with costs to abide the event.
McAdam, C. J., concurs.