### RUTTY *v.* CONSOLIDATED FRUIT-JAR CO.

*(Supreme Court, General Term, First Department.* December 31, 1890.)

STATUTE OF FRAUDS—SALE OF GOODS—PERFORMANCE.

In an action for defendant's failure to deliver goods to plaintiff as he had undertaken to do, though the letters introduced leave some doubt as to some particulars

of the agreement which they embody, subsequent acts of the parties clearly show-
ing that it was contemplated that the goods should be manufactured by the vendor
are sufficient to take the case out of the statute of frauds.

Appeal from circuit court, New York county.

Action by William H. Rutty against the Consolidated Fruit-Jar Company.
From a judgment entered on verdict and from order denying a motion for a
new trial defendant appeals.

Argued before VAN BRUNT, P. J., and BARRETT and BARTLETT, JJ.

*Levi A. Fuller,* for appellant.   *John E. Eustis,* for respondent.

BARTLETT, J. ·· We think this case was properly disposed of at the circuit.
The action was brought to recover damages for the alleged breach of a con-
tract, whereby the defendant undertook to furnish to the plaintiff 10,000 gross
of glove clasps at 29 cents a gross, to be delivered at the rate of 500 gross a
week from the 1st day of January, 1884. The proof clearly established that the
parties entered into such an agreement by correspondence; and, although the
letters might leave some of the particulars in doubt, these· are made clear
by the practical construction subsequently given to the contract by the acts of
the plaintiff and the defendant.   These acts leave no doubt that the parties
contemplated that the goods should be manufactured by the vendor, and take
the agreement out of the operation of the statute of frauds.   *Millar* v. *Fitz-
gibbons,* 9 Daly, 505; *Joy* v. *Schloss,* 12 Daly, 533.   They also show that the
place of delivery was intended to be New York.   The defendant insisted at the
circuit, and argues here, that the correspondence which had been mentioned did
not form a completed contract, for the reason that in accepting the plaintiff's
written offer he added the words: "Terms cash, as stated in our interview."
The learned trial judge held, however, and we think correctly, that the sub-
sequent letters of the plaintiff which were put in evidence proved an accept-
ance of this modification, if it was a modification.   The defendant delivered
to the plaintiff only 677 gross of the kind of glove clasps mentioned in the
contract.   The plaintiff ordered another sort of clasps, and also machines for
making clasps, from the defendant, and it is clear from the conduct of the
parties that the contract upon which this suit is based was modified so far as
the time for the delivery of the goods was concerned; but the proof does not
sustain the defendant's position that the plaintiff abandoned the agreement,
and relinquished his rights thereunder, by the orders which he gave for the
manufacture of other articles than those embraced in the contract.   On the
contrary, the evidence of his desire that the Consolidated Fruit-Jar Company
should fulfill the agreement, and of the frequent communication of that wish
to the secretary of the company, is clear, full, and convincing.   In April, 1885,
the defendant refused to furnish any more clasps to the· plaintiff.   · The trial
judge instructed the jury that a valid contract to manufacture and sell 10,000
gross of glove clasps existed; and had been broken by the defendant, and that
the plaintiff was entitled to recover just what he lost by reason of the breach
specified.   No exception was taken to the rule as to the measure·of damages
which was laid down in the charge; and hence the amount of the verdict is
not assailed in the argument of the learned counsel·for the appellant, who re-
lies upon the proposition that the proof failed to establish the existence of a
contract which could be the basis of any verdict at all against his client.   In
this view we are unable to concur.   We have considered all the points made
in the brief, and find no sufficient ground for disturbing the judgment, which
must therefore be affirmed, with costs.   All concur.